IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILBUR PITTMAN,

        Plaintiff,                              No. CIV S-08-2805 DAD P

    vs.

PEARSON, et al.,                           <u>ORDER AND</u>

        Defendants.                     <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner at the California Rehabilitation Center at Norco, California which is in Riverside County. He has filed a civil rights action pursuant to 42 U.S.C. § 1983, and names as defendants state court judge Paul Ring, district attorney Donald Cary, court clerk David Danielse, and Pearson who appears to be employed at the California Rehabilitation Center. It appears from plaintiff's complaints that each of the named defendants are employed either in Memphis, Arkansas or Norco, California. Plaintiff has submitted an incomplete in forma pauperis application.

        The court has determined that rather than transfer this case to a district court which may have proper venue, this action should be dismissed for failure to state a claim. The complaint contains a series of fragmented and disjointed phrases, and the court is unable to comprehend the nature of plaintiff's claims. However, it is clear that venue is not with this court

1

since neither the defendants reside in this judicial district nor the action arose in this district. See 28 U.S.C. § 1391(b). Should plaintiff choose to file a new action with the U.S. District Court having proper venue, he should keep in mind the following legal standards.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965.

Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is also advised that he has named defendants that have immunity from civil suits. Generally, judges and district attorneys have absolute immunity. Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (citing Stump v. Sparkman, 435 U.S. 349, 364 (1978) and Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976)). Court clerks have absolute quasi-judicial immunity when they perform tasks that are an integral part of the judicial process. Mullis v. United States Bankr. Court, 828 F.2d 1385, 1390 (9t Cir. 1987).

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim. See 28 U.S.C. § 1915A(b)(1) and (2).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////
/////
/////
/////

specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 3, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
pit2809.56